SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership Including Professional Corporations
JILL M. PIETRINI (Cal. Bar No. 138335)
jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
pbost@sheppardmullin.com
MICHAEL D. WILBURN (Cal. Bar No. 303181)
mwilburn@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  (310) 228-3700 . Facsimile:    (310) 228-3701

Attorneys for Plaintiff ACI LICENSING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACI LICENSING, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CR LICENSING, LLC, a New York limited liability company,<br><br>　　　　　Defendant. | **Case No. 2:17-cv-7480**<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, AND ANTICIPATORY BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ACI Licensing, LLC ("ACI"), for its complaint against defendant CR Licensing, LLC ("Defendant"), alleges as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

### Summary of the Action

1.　　This is an action brought by ACI to recover money damages arising from Defendant's breach of written contract, for declaratory judgment relief with respect to the ACI's rights to receive commissions arising from any future renewals with existing licensees procured by ACI, and for injunctive relief against Defendant for anticipatory breach of contract.

2.     ACI brings this action because Defendant, in an explicit violation of its contractual and legal obligations, has failed to make timely payments of money owed to ACI, and has been trying to further deprive ACI of the benefit it is entitled to under the CR License Representation Agreement (as defined below), and/or implied or oral contracts.

## Parties and Jurisdiction

3.     ACI is a limited liability company incorporated under the laws of Delaware, with a principal office located at 12121 Wilshire Blvd., Suite 850, Los Angeles, CA 90025, United States, and an additional office located at 1385 Broadway, 18th Floor New York, NY 10018.

4.     Upon information and belief, Defendant is a limited liability company incorporated under the laws of New York, which, on information and belief, owns various trademarks associated with the brand name "Cynthia Rowley" under multiple classes in the U.S. and abroad, covering various products, including cosmetics, women's apparel, bags, jewelry, fitness accessories, home furnishings, pet products, rugs, home décor, office products and technology accessories.

5.     Upon information and belief, Cynthia Rowley is an individual residing at 30 Perry Street, New York, NY 10014, who is known as an experienced fashion designer, author, TV personality, and the founder and Chief Executive Officer of Defendant.  On information and belief, Ms. Rowley controls Defendant and is a Managing Member of Defendant.  The acronym Defendant stands for Cynthia Rowley Licensing.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as well as Section 12 of the CR License Representation Agreement (defined below). Specifically, Defendant and ACI are resident of different states and the amount in controversy exceeds $75,000.

7.     Venue is proper pursuant to 28 U.S.C. § 1391 in this case because Defendant is deemed to reside in this District for venue purposes and is subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the instant claims occurred in this District.

**History of ACI's Relationship as Licensing Agent for Defendant**

8.     ACI was founded on or around 2002, originally under the name Magna Global Licensing, until renamed ACI on or around 2006 following the purchase of the majority of its equity by Charles D. Mamiye and Andy Cohan, two individuals with a cumulative experience of over 50 years in licensing, marketing merchandising and retail.  Charles D. Mamiye and Andy Cohan have been serving as co-CEOs of ACI since 2006.

9.     Under their leadership, ACI quickly became a leading licensing agency, representing numerous well-known brands, designers, celebrities, personalities and television properties.

10.     ACI's services focus on identifying and executing business opportunities --which vary from new target product categories and channels of distribution to new licenses -- intended to maximize and monetize the long-term name power of the brands it represents.

11.     Throughout the years, ACI has managed to establish long standing top-level relationship with retailers, manufacturers and distributors.

12.     This enabled ACI to succeed in its core service – soliciting and securing long-term prospective trademark licensees for the benefit of its clients.

13.     On November 27, 2007, following several months of discussion and negotiation between the parties, Defendant and ACI entered into a licensing representation agreement with respect to the trademarks and rights owned by or associated with Ms. Rowley, as well as the name, likeness and image of Ms. Rowley (the "CR License Representation Agreement").

14.     The CR License Representation Agreement provides that Defendant would, as requested by Defendant, provide various services customary for such licensing representation engagements, as further stipulated in Section 2 thereto, with the core and ultimate goal of obtaining new license agreements for Defendant.

15.     As further described below, ACI was very successful and achieved results, well beyond the parties' original expectation, by procuring and delivering to Defendant eleven (11) new licensees between the years 2008-2017.

16.     Section 8(a) of the CR License Representation Agreement provided commission of 20%-25% on all royalties paid to Defendant (in addition to 20% on all design fees) ("ACI Compensation"), as follows:

> ACI shall receive 20% commission on all royalties (including advances and guarantees) paid to Licensor for the first $1,000,000 in cumulative royalties paid to Licensor and shall receive 25% commission on such royalties after the first $1,000,000.  ACI shall also receive 20% on all design fees paid to Licensor.  All other forms of compensation must be approved in writing by ACI.  If not approved in writing by ACI, such compensation shall be considered the same as royalty payments.  If Licensee remits payment to Licensor instead of to ACI, Licensor must pay ACI commission within 10 days of receipt.

17.     Section 8(b) of the CR License Representation Agreement explicitly provided that ACI's right to the "ACI Compensation" shall survive the termination or expiration of the CR License Representation Agreement, as follows:

> Licenses extending beyond the term:
>
> (i)  Upon expiration or early termination of this Agreement (other than based on breach by ACI), this Agreement shall continue to be effective with respect to such Licenses which extend beyond such date, including any and all renewal, and Licensor shall be obligated to pay ACI the full sum of any commissions due and owing to ACI from such Licenses; provided that, unless otherwise requested by Licensor, ACI continues to render its services required hereunder in connection with the maintenance and monitoring of such licenses.

18.     ACI entered into the CR License Representation Agreement in clear reliance on the fact that the ACI Compensation was payable throughout the term of the underlying license agreements and extensions thereto.  This reflects a customary structure for such agreements.  It is designed to benefit both parties, reflecting the

understanding that the most substantial contribution of the agent is made in the initial stage by introducing and securing the license for the benefit of the licensor while enabling the licensor to link the overall compensation to the long term actual value received by it in connection with the applicable license.

19.    The CR License Representation Agreement quickly proved to be very beneficial to Defendant.  By February 2009, ACI had secured for Defendant two (2) major licensees resulting in Defendant license agreements with Simplicity Pattern Co. Inc. ("Simplicity"), dated August 15, 2008 (as amended, the "Simplicity Agreement") and with TJX Companies, Inc. ("TJX"), dated February 27, 2009 (as amended, the "TJX Agreement"), owner of well-known retailers TJ Maxx, Homes Goods, and Marshall's.

20.    The parties thereafter continued to act under the CR License Representation Agreement with ACI securing nine (9) other license agreements for Defendant.  The terms of the CR License Representation Agreement applied by implication, oral agreement, and/or course and custom in the licensing industry after the CR License Representation Agreement expired, including Defendant's obligation to pay continuing royalties based on extensions and renewals of licenses procured by ACI for Defendant.

21.    ACI continued to act as Defendant's exclusive licensing agent, procuring additional licenses for Defendant after expiration of the CR License Representation Agreement.  To date, the following eleven (11) licenses agreements were procured by ACI for the benefit of Defendant pursuant to CR License Representation Agreement (collectively the "Applicable CR License Agreements"):

- License Agreement between CR Licensing LLC, as licensor, and Simplicity, as licensee, dated August 15, 2008;

- License Agreement between CR Licensing LLC, as licensor, and TJX, as licensee, dated February 27, 2009;

- License Agreement between CR Licensing LLC, as licensor, and JS Group International LTD., as licensee, dated November 27, 2013;
- License Agreement between CR Licensing LLC, as licensor, and Staples The Office Superstore, LLC, as licensee, dated January 1, 2014;
- License Agreement between CR Licensing LLC, as licensor, and David's Bridal, Inc., as licensee, dated November 10, 2014;
- License Agreement between CR Licensing LLC, as licensor, and Hooker Furniture Corporation, as licensee, dated January 20, 2015;
- License Agreement between CR Licensing LLC, as licensor, and Inter Parfums USA, LLC, as licensee, dated March 27, 2015;
- License Agreement (for the CYNTHIA ROWLEY trademark) between CR Licensing LLC, as licensor, and PS Brands LLC, as licensee, dated April 1, 2015;
- License Agreement (for the ROWLEY FITNESS trademark) between CR Licensing LLC, as licensor, and PS Brands LLC, as licensee, dated April 1, 2015;
- License Agreement between CR Licensing LLC, as licensor, and LifeWorks Technology Group LLC, as licensee, dated September 25, 2015; and
- License and Design Services Agreement between CR Licensing LLC, as licensor, and Hanesbrands Inc., as licensee, dated March 1, 2016.

22.     Despite ACI's performance under the CR License Representation Agreement, as demonstrated by, *inter alia*, the high number of Applicable CR License Agreements secured by ACI throughout the years, Defendant has failed to meet the same level of performance with respect to its own contractual legal obligations towards ACI.

23.     Although the CR License Representation Agreement provides that ACI Compensation must be paid within ten (10) days after receipt by Defendant of the

underlying royalties from the applicable licensee, this has not consistently been done by Defendant.

24.     While Defendant acknowledged its obligation to make the required ACI Compensation, it often failed to timely report receipt of earned royalties and pay the underlying ACI Compensation until such payments were explicitly requested by ACI, and even then, the payments were frequently postponed and delayed for various invalid reasons and excuses.

25.     Until early 2017, and insofar as known by ACI, all required ACI Compensation has been eventually paid in full (despite significant delays).

26.     ACI has fully performed all of its obligations under the CR License Representation Agreement.  ACI has acted in good faith and in furtherance of the terms of the CR License Representation Agreement, and has used its best, or at least commercially reasonable, efforts to carry out all its obligations thereunder in an efficient and professional manner.

27.     On two different occasions, in August 2011 and March 2013, ACI reduced the rate of the ACI Compensation.  The most recent reduction, in March 2013, was to reduce the rate of the ACI Compensation to 10% of royalties received by Defendant pursuant to the Applicable CR License Agreements, once the collective royalties received by Defendant under the CR License Representation Agreement reached a certain sum.

28.     ACI voluntarily and temporarily made the non-binding concessions and accepted the reduced commissions in the hope that with the understanding that, by doing so, Defendant would faithfully and promptly comply with its contractual obligations under the terms of the CR License Representation Agreement going forward.  In the alternative, ACI's agreement to accept reduced commissions was consideration for Defendant's agreement to extend the term of the CR License Representation Agreement.

29.     Despite Defendant's problematic payment practice, ACI continued to adhere to in the utmost good faith and fairness in dealing with Defendant.  The situation had slightly improved until January 2015, when Mr. Peter Arnold – who had served as Defendant's Chief Executive Officer and was the main point of contact for ACI between 2007 to January 2015 – was suddenly terminated by Ms. Rowley.  Almost immediately after Mr. Arnold's departure from Defendant, Ms. Rowley became ACI's point of contact in connection with existing and potential Applicable CR License Agreements pursuant to the CR License Representation Agreement.

30.     Since then, Defendant's delays in making payments of ACI Compensation have become lengthier and more frequent, and the collaborative spirit displayed by Mr. Arnold was replaced with chronic acrimony instigated and perpetuated by of Ms. Rowley.

31.     Defendant continued its bad faith conduct in 2017.  Firstly, Defendant ceased making payment of the ACI Compensation earned from certain Applicable CR License Agreements.  On the date hereof, the amount of ACI Compensation due and payable to ACI under the CR License Representation Agreement is believed to be in excess of $175,000 (the "Outstanding Balance").

32.     The exact amount of compensation owed to ACI is unknown as a result of Defendant failing to provide ACI with reports as to the royalties and sales as required under the CR License Representation Agreement, and therefore the foregoing amount solely represents ACI's best estimate based on prior year's sales and royalties earned.

33.     In addition, upon information and belief, Defendant has made or attempted to make contact with various licensees under the Applicable CR License Agreements in an attempt to circumvent ACI and deprive it from its right to the ACI Compensation.

34.     For example, as alleged in paragraph 19 above, ACI procured and brokered the Simplicity License Agreement on August 15, 2008.  The Simplicity Agreement has been extended (through amendments) on January 26, 2011, September 7, 2011 and July 28, 2014, and is currently scheduled to expire on December 31, 2017.  ACI has contributed to the success and the strength of the Simplicity License Agreement throughout the years.  Among other things, in May 2016, ACI managed to expand the scope of the Simplicity License Agreement by adding New Zealand as an approved territory to sell "Cynthia Rowley"-branded patterns.

35.     During July 2017, Simplicity drafted and sent for Defendant's review a proposed fourth amendment to the Simplicity License Agreement, seeking to formalize the extension of the term of the Simplicity License Agreement until December 31, 2019 on such terms and conditions as specified therein.  In response, Defendant notified Simplicity that it would not sign the proposed amended agreement in its current form, but would sign a new agreement (rather than an amendment) in an attempt to exclude ACI and deprive it of its rights to the ACI Compensation during the contemplated renewal or extension term.

36.     Defendant's unlawful attempt to deprive ACI of the ACI Compensation by artificially terminating the Simplicity License Agreement constitutes a material breach of the covenant of good faith and fair dealing, implied by law in every contract under the applicable law.  Should Defendant enter a new agreement with Simplicity and allow the Simplicity License Agreement to expire for the sole purpose of avoiding paying the applicable ACI Compensation, it would be in a clear breach of its contractual obligations under Section 8(b) to the CR License Representation Agreement.

37.     Another example of Defendant's unlawful and bad faith effort to deprive ACI of the contractual benefit has occurred with respect to the License

Agreement between Defendant and Hanesbrands, Inc. ("Hanes"), dated March 1, 2016 (the "Hanes License Agreement"), which was procured and brokered by ACI.

38.     ACI has learned that in August 2017, Ms. Rowley surreptitiously and incorrectly notified Hanes that ACI no longer represents Defendant with respect to the Hanes License Agreement (without giving ACI any prior written notice in this respect) and instructed Hanes to avoid, and remove any reference to, ACI in connection with the performance of the Hanes License Agreement.

39.     Based on past experience, this seems to be the first step in Defendant's plan to unlawfully deprive ACI from the ACI Compensation upon renewal or extension of the initial term in a similar manner as is being made with respect to the Simplicity License Agreement.

40.     Upon information and belief, Defendant is currently attempting the same circumvention efforts with respect to other Applicable CR License Agreements, including the TJX License Agreement, which currently expires on October 31, 2017, and may be subject to auto-renewal through October 31, 2018.

41.     TJX had previously notified ACI of its desire to extend the term of the TJX License Agreement, but all attempts to explore such renewal option and coordinate this matter with Defendant have been repeatedly ignored.

42.     ACI contributed to the success and the strength of the relationship between TJX and Defendant throughout the years, including, but not limited to, successfully negotiating expansion of the brand to E-commerce on TJX websites, new categories and new territories, all of which caused the TJX License Agreement to be a particularly profitable license for Defendant.

43.     In 2015, Defendant tried to circumvent ACI and keep for itself royalty payments contractually due to ACI when it approached TJX and offered to expand the license to include "Curious," an additional brand owned by Defendant, while explicitly requesting that TJX not disclose such information to ACI.

44.     As alleged above, such displays of bad faith by Defendant have significantly intensified in the past year, and particularly in recent months, as part of Defendant's plan to harm ACI's business and deprive it from the benefit it is entitled to under the CR License Representation Agreement.

45.     Defendant has ignored ACI's repeated demands to pay the Outstanding Balance and return to a status of full collaboration.

46.     On August 3, 2017, ACI sent a formal notice to Defendant, demanding an immediate payment of the then Outstanding Balance within seven (7) days and reminding Defendant of its obligation to keep paying the ACI Compensation with respect to any renewal of the Simplicity License Agreement.  Defendant ignored this letter.

47.     Another demand letter with a courtesy copy of a draft of this complaint was sent to Defendant on October 2, 2017.

48.     Defendant has not paid the Outstanding Balance or otherwise complied with the demands set forth in the August 3, 2017 and October 2, 2017 letters.  As a result, ACI has no other choice but to file this Complaint.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

49.     ACI repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully restated here.

50.     ACI has done all, or substantially all, of the significant things that the CR License Representation Agreement required it to do.

51.     Defendant has breached its obligation under the CR License Representation Agreement to timely pay ACI Compensation within ten (10) days after receipt of the royalties in connection with the Applicable CR License Agreements.

52.     Defendant has also acted in bad faith by trying to circumvent ACI and deprive it of the ACI Compensation in a manipulative manner.

53.     Defendant has wrongfully, unfairly and intentionally breached the duty of good faith and fair dealing, implied by law in every contract, by entering "new" agreements with its licensees for the sole purpose of terminating ACI's right to a commission payment under Paragraph 8 of the CR License Representation Agreement for any extended or renewed Applicable CR License Agreement.

54.     As a direct result of the foregoing, ACI has suffered damages in an amount to be determined at trial but in no event less than $175,000, plus interest.

## SECOND CAUSE OF ACTION

### (Declaratory Judgement)

55.     ACI repeats and realleges each and every allegation contained in paragraphs 1 through 54 as if fully restated here.

56.     An immediate, real and justiciable controversy exists between Defendant and ACI as to whether (a) the terms of the CR License Representation Agreement apply to extensions and/or renewals of the Applicable CR License Agreements artificially characterized as "new agreements" between Defendant (or another entity substantially owned and/or controlled, directly or indirectly by Ms. Rowley), and the various existing licenses; and (b) ACI's reduction of its commission rate in 2011 and 2013 constitutes a permanent modification to the CR License Representation Agreement in this respect.

57.     ACI respectfully demands a Declaratory Judgment, declaring that:

(i)     Section 8(b) to the CR License Representation Agreement applies to any extension and/or renewal of every Applicable CR License Agreement, regardless of the form of said agreement, including "expiration" and immediate signing of a "new" agreement between the applicable parties.

-12-

(ii)    The applicable rate of the ACI Compensation as of the date hereof
with respect to Simplicity License Agreement and TJX License
Agreement (signed prior to August 3, 2011) is 25% commission on
royalties and 20% on all design fees paid to Defendant, as per Section
8 to the CR License Representation Agreement.

### THIRD CAUSE OF ACTION
### (Anticipatory Breach of Contract)

58.     ACI repeats and realleges each and every allegation contained in
paragraphs 1 through 57 as if fully restated here.

59.     ACI and Defendant are parties to a valid and binding contract, namely,
the CR License Representation Agreement.

60.     Defendant, through Ms. Rowley, has expressly or implicitly repudiated
its promise and obligation to perform the terms of the parties' contract –
specifically, pay ACI commission payments due it for certain extended or renewed
Applicable CR License Agreements – before Defendant's performance is due.

61.     ACI has fulfilled its performance obligations under the contract.

62.     Harm will result to ACI due to Defendant's breach.  Specifically, ACI
will not receive all of the commission fees to which it is entitled.

### PRAYER FOR RELIEF

WHEREFORE, ACI respectfully requests that the Court enter judgment in its
favor as follows:

1.     On the first count, compensatory damages in an amount to be
determined at trial but in no event less than $175,000, plus interest, costs and
expenses (including but not limited to attorneys' fees);

2.     On the second count, a Declaratory Judgment, declaring that:  (a)
Section 8(b) of the CR License Representation Agreement applies to any extension

1   and/or renewal of every Applicable CR License Agreements, regardless of the form

2   of said extension or renewal, including "expiration" and immediate signing of a

3   "new" agreement between the applicable parties; and (b) the applicable rate of the

4   ACI Compensation as of the date hereof with respect to Simplicity License

5   Agreement and TJX License Agreement (signed prior to August 3, 2011) is 25% as

6   per Section 8 to the CR License Agreement;

7       3.      On the third count, an award of damages suffered by ACI according to

8   proof at the time of trial;

9       4.      For costs of suit herein incurred, including, but not limited to,

10   attorneys' fees, per Section 17 of the CR License Agreement;

11      5.      For pre-judgment interest on any recovery by ACI;

12      6.      For punitive damages for the willful and wanton nature of Defendant's

13   aforesaid acts; and

14      7.      Granting ACI such other and further relief as the Court may deem to be

15   just and proper.

16                                      Respectfully submitted,

17                                      SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

18

19   Dated:  October 12, 2017           By /s/ Jill M. Pietrini

20                                          Jill M. Pietrini
                                            Paul A. Bost
21                                          Michael D. Wilburn

22
                                            Attorneys for Plaintiff
23                                          ACI Licensing, LLC

24

25

26

27

28

                                        -14-

1

## **JURY DEMAND**

2     ACI demands a trial by jury of all issues triable by jury.

3

4                                             Respectfully submitted,

5                                             SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

6
Dated:  October 12, 2017

7                                             By /s/ Jill M. Pietrini
                                                  Jill M. Pietrini
8                                                 Paul A. Bost
                                                  Michael D. Wilburn
9

10                                                Attorneys for Plaintiff
                                                  ACI Licensing, LLC
11
SMRH:484115535.5
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28